**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4321**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

FRANCISCO  DURAN  AVILA,  a/k/a  J.  Trinidad
Cervantez-R,

                                        Defendant - Appellant.

---

Appeal  from  the  United  States  District  Court  for  the  Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:06-cr-00270-JAB)

---

Submitted:  September 13, 2007      Decided:  September 18, 2007

---

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior
Litigator, Winston-Salem, North Carolina, for Appellant.  Lisa Blue
Boggs,  Assistant  United  States  Attorney,  Greensboro,  North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Duran Avila appeals from his sentence imposed following his guilty plea to possession of cocaine with the intent to distribute and possession of a firearm during a drug trafficking crime. Avila's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence. Avila filed a pro se brief arguing that his sentence was in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Our review of the record discloses no reversible error; accordingly, we affirm Avila's conviction and sentence.

We find that Avila's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Avila was properly advised of his rights, the offenses charged, and the mandatory minimum and maximum sentences for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Avila contends that the district court's finding that he was accountable for the equivalent of nine kilograms of cocaine resulted in an increase in his sentence beyond the maximum authorized by the charges in the indictment. We note that the judicial fact finding of drug quantities used to determine Avila's sentence under the advisory guidelines calculation does not

implicate Apprendi.  See Apprendi v. New Jersey, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  The statutory maximum sentence for the drug trafficking offense was forty years, and Avila's sentence of eighty-seven months on that charge is well below the statutory maximum.

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing Avila's sentence.  18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  Additionally, we find that the sentence imposed—which was within the properly calculated guideline range—was reasonable.  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) ("[A] sentence within the proper advisory Guidelines range is presumptively reasonable."); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).  Accordingly, we affirm Avila's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Avila's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the

- 3 -

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED